**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2023-0489, <u>In the Matter of Peter Angerhofer and Melissa Greer Solomon</u>, the court on September 6, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See Sup. Ct. R.</u> 20(2). The respondent, Melissa Greer Solomon (wife), appeals the final decree of the Circuit Court (<u>Joseph</u>, J.), in her divorce from the petitioner, Peter Angerhofer (husband). The wife argues that the record does not support the trial court's alimony award. We affirm.

The trial court has broad discretion to award alimony. <u>In the Matter of Routhier & Routhier</u>, 175 N.H. 6, 15 (2022). We review the trial court's alimony determination for an unsustainable exercise of discretion. <u>Id</u>. We will uphold the trial court's factual findings unless they are unsupported by the evidence. <u>Id</u>. Alimony determinations are based primarily upon the parties' incomes and needs. <u>Id</u>.; <u>see</u> RSA 458:19 (2018).

The record shows that the wife chose not to appear at the final hearing. The husband proposed an alimony award of $8,000 per month for five and a half years. His attorney explained that the proposal was based in part on a financial affidavit that the wife filed with the court and on the husband's position that his proposal was sufficient to take care of the wife's reasonable needs. Having reviewed the record, we conclude that it contains sufficient information regarding the parties' incomes and needs to support the trial court's alimony award. <u>See</u> <u>In the Matter of Routhier</u>, 175 N.H. at 15.

The wife argues that the award is substantially less than she would have received under the revised alimony statute, RSA 458:19-a (Supp. 2023). The husband filed his divorce petition on July 10, 2018. The wife does not dispute that the trial court was required to apply the statute in effect on the filing date, "'unless the court in its discretion [found] that adopting any or all of the provisions due to take effect on January 1, 2019 would be both equitable and consistent with the law existing as of the date of passage,'" which was June 25, 2018. <u>In the Matter of Britton & Britton</u>, 174 N.H. 702, 708-09 (2022) (quoting Laws 2018, 310:6). We assume the trial court in its discretion found that adopting the provisions of the revised alimony statute in this case would not be equitable and consistent with the statute in effect on the filing date. <u>See</u> <u>In the Matter of Hampers & Hampers</u>, 154 N.H. 275, 290 (2006) (we assume trial

court made all findings necessary to support its ruling).  The record does not compel a different result.  Accordingly, we find no error.

<u>Affirmed</u>.

MacDonald, C.J., and Bassett, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**
